**Please return to:**
**Dana Garrett Diment, Esq.**
**Diment Carroll LLP**
**412 Adamson Square**
**Carrollton, GA 30117**

**Please Cross-Reference with:**
**Deed Book 180, Page 269**
**Deed Book 196, Pages765-814**
**Deed Book 196, Page 815**
**Pulaski County, GA Records**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO: |
| | ) | 5:14-CV-00158-[redacted] HL |
| v. | ) | |
| WLD FARMS, INC., DUNAWAY BROTHERS, INC., ADMINISTRATOR OF U.S. SMALL BUSINESS ADMINISTRATION, DEPARTMENT OF TREASURY – INTERNAL REVENUE SERVICE, LAMADA, LLC, CENTRAL GEORGIA COOPERATIVE, INC. AND DIXIE BONDED WAREHOUSE & GRAIN CO., INC. | ) | |
| Defendants. | ) | |

**JUDGMENT**

On April 22, 2014, Plaintiff Branch Banking and Trust Company ("Plaintiff") filed its *Complaint for Breach of Contract, Declaratory Judgment, Specific Performance, Reformation of Deed, Unjust Enrichment, Breach of Warranty of Title, and Other Relief* (the "Complaint') in the above-styled action;

Defendant Dunaway Brothers, Inc. ("DBI") was served with a Summons and a copy of the Complaint on April 28, 2014, and has failed to timely file an answer or other defensive pleading according to the records of the Court;

The Clerk entered default as to Defendant DBI on July 23, 2014;

The Court has reviewed the record and the relevant law and has concluded that Plaintiff is entitled to final judgment against Defendant DBI.

NOW, THEREFORE, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff is entitled to and is hereby granted final judgment as to Defendant DBI as follows:

a) This Judgment affects the real property located in Pulaski County, Georgia referred to in the Complaint as the "Dunaway Division Property" and more particularly described in Exhibit "A" attached hereto and incorporated herein by this reference (the "Dunaway Division Property");

b) Each and every allegation in the Complaint is taken as true as to DBI;

c) Judgment is hereby entered against DBI on Counts III, IV and V of the Complaint. DBI's entire interest in the Dunaway Division Property is hereby adjudicated vested in WLD Farms, Inc. ("WLD") effective upon entry of this Judgment, and thereupon, the Security Deed from WLD to Plaintiff recorded on March 20, 2002 in Deed Book 196, Page 815, Pulaski County, Georgia records ("Plaintiff's Security Deed") encumbers the Dunaway Division Property superior to any interest of DBI. Furthermore, the Pulaski County, Georgia real estate records are hereby reformed to show that WLD holds title to the Dunaway Division Property encumbered by Plaintiff's Security Deed superior to any security interest of DBI, and specifically, the Limited Warranty Deed from Central Georgia Cooperative, Inc. to DBI recorded on February 22, 2000 in Deed Book 180, Page 269, Pulaski County, Georgia records (the "DBI Deed") is hereby reformed *ab initio* to omit the Dunaway Division Property from the legal description of the property conveyed thereunder. It is expressly provided, however, that the claims and issues regarding the relative priorities and interests in the Dunaway Division Property claimed by Defendant Administrator of U.S. Small Business Administration or Defendant Department of Treasury – Internal Revenue Service are not hereby adjudicated but, instead, remain pending before the Court; and

d) The Clerk of the Superior Court of Pulaski County, Georgia shall record this Judgment in the Pulaski County, Georgia real estate records and shall cross-reference the record of this Judgment with the Limited Warranty Deed to DBI recorded at Deed Book 180, Page 269, Pulaski County, Georgia records, the Warranty Deed to WLD recorded at Deed Book 196, Page 765, Pulaski County, Georgia records, and the Security Deed to Plaintiff recorded at Deed Book 196, Page 815, Pulaski County, Georgia records, and shall take such other and further steps as may be appropriate to reform the Pulaski County, Georgia real property records to effectuate this Judgment.

This Judgment does not affect the claims and issues regarding the relative priorities and interests in the Dunaway Division Property claimed by Defendant Administrator of U.S. Small Business Administration or Defendant Department of Treasury – Internal Revenue Service, as those claims and issues remain pending before the Court.

SO ORDERED AND ADJUDGED this 23rd day of September, 2014.

**s/ Hugh Lawson**
[redacted] U.S. DISTRICT JUDGE
UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF GEORGIA

Exhibit "A"

TRACT III: All that tract or parcel of land, commonly known as the old Brickyard Property, partially in the City of Hawkinsville, and in Land Lots 255 in the 4th Land District and 291 in the 12th Land District, of Pulaski County, Georgia, and containing 50 acres, more or less, and bounded as follows: north by the right of way of the Southern Railroad; west by lands now or formerly of Blount, Clark, Dixie Bonded Warehouse and Grain Company, Inc. and Bearden; south by the right of way of the Old River Bridge, now demolished; and east by the Ocmulgee River. Being the same property as that described in a Warranty Deed dated March 22, 1973 from Douglas M. Watson to Dunaway Brothers, Inc. recorded in Deed Book 75 at page 7, Clerk's Office, Pulaski Superior Court.

TRACT IV:

Parcel (a): All that tract or parcel of land together with improvements located thereon, situate, lying and being at the southeast intersection of Houston Street and First Street in the City of Hawkinsville, Pulaski County, Georgia, and more particularly described as follows: BEGINNING at the said intersection of the south margin of First Street with the east margin of Houston Street; run thence south along the east margin of said Houston Street a distance of 110 1/2 feet to a point; run thence in an eastern direction down to the right of way of the old Hawkinsville & Florida Southern Railway (or where said Railway formerly was located); run thence along said right of way a northerly direction to First Street; run thence in a westerly direction along the south side of First Street to the point of beginning. Said property formerly known as the Texaco distribution plant property and being the same property as that described in a deed dated November 22, 1975, from Jeff Coleman Newsome, et al. to Dunaway Brothers, Inc. of record in Deed Book 81, at pages 74-75, Clerk's Office, Pulaski Superior Court.

Parcel (b): All that tract or parcel of land together with all improvements located thereon, situate, lying and being in the City of Hawkinsville, Pulaski County, Georgia, and described as follows: COMMENCING at the northwest corner of that lot formerly owned by T. H. Grace, later by David Dupree property to a point which is 210 feet south of First Street; run thence west to the old Spur Tract of the old Gulf Line Railroad; run thence north along said old Spur Tract to property formerly of J. O. Slade, Jr; run thence along said Slade property to the point of beginning. ALSO all the right, title, interest, claim or demand in or to that portion of the old Spur Tract of Gulf Line Railroad that bounds the described property on the west. This being the same property as that described in a deed from R. O. Pate to Brigham M. White, recorded in Deed Book 42, at page 187, Clerk's Office, Pulaski Superior Court.

ALSO: All that certain tract or parcel of land lying and being in the City of Hawkinsville, Pulaski County, Georgia, fronting west and lying on the east side of Houston Street and commencing at a certain iron stake and running thence along the east margin of Houston Street south a distance of 110 1/2 feet to property formerly owned by Watson & Lewis; run thence east to the old right of way of the Florida Southern Railroad; run thence north 110 1/2 feet; run thence west in a straight line to the point of beginning. This being the same property described in a deed from C. D. Davis to J. C. Hadden, recorded in Deed Book 29, page 88, Clerk's Office, Pulaski Superior Court.

The above two (2) tracts of land adjoining and forming one body of land and having located thereon cotton gin and other improvements.

Parcels (a) and (b) all lie together and form one body of land.

TRACT V: All that tract or parcel of land together with warehouse and commercial building located thereon, situate, lying and being in the City of Hawkinsville, Pulaski County, Georgia, lying at the northeast intersection of Houston Street and First Street being more particularly described as follows: BEGINNING at the point of intersection of the east margin of Houston Street with the north margin of First Street and run thence north along the east line of Houston Street a distance of 322 1/2 feet to a point; run thence east a distance of 200 feet to a point; run thence south 52 1/2 feet to a point; run thence east a distance of 10 feet to a point; run thence south a distance of 190 feet to a point; run thence east 8 feet to a point; run thence south 80 feet to a point on the n north margin f First Street; run thence west along the north margin of First Street a distance of 218 feet to the intersection of First Street and Houston Street and the point of beginning. Said tract bounded north by property of Thomas H. Blount; south by First Street; east by property of Concrete Products and Engineering Co.; and west by Houston Street. Being the same property as that described in a warranty deed dated July 18, 1983, from Sam Sommer to Dunaway Brothers, Inc. of record in Deed Book 103, at page 425, Clerk's Office, Pulaski Superior Court.